UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**REINALDO ARROYO, JR.,**

    Plaintiff,

                            CASE NO.:

vs.

**HUBBARD CONSTRUCTION COMPANY, a Florida Profit Corporation,**

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, REINALDO ARROYO, JR., by and through the undersigned attorney, sues the Defendant, HUBBARD CONSTRUCTION COMPANY, a Florida Corporation, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

**GENERAL ALLEGATIONS**

2. Plaintiff worked for Defendant from approximately March 2018 to January 2022 as a Quality Control Technician.

3. Plaintiff was paid a "salary" by Defendant but no additional overtime

1

compensation for overtime hours worked.

4. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

5. Defendant, HUBBARD CONSTRUCTION COMPANY, is a Florida Corporation that operates and conducts business in, among other locations, Orlando, Florida and is therefore, within the jurisdiction of this Court.

6. Defendant, HUBBARD CONSTRUCTION COMPANY, operates as a full-service construction company and provides, among other services, roadway construction, railway and bridge construction, asphalt manufacturing and paving, and sitework and development.

7. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

9. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

10. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

11. Included in such goods, materials and supplies were telephones, computers, office equipment, construction tools, and other items which originated from outside the state of Florida.

12. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## **FLSA VIOLATIONS**

13. At all times relevant to this action, Defendant failed to comply with the FLSA by misclassifying Plaintiff as exempt from overtime compensation.

14. During his employment with Defendant, Plaintiff was classified as exempt under the FLSA.

15. Plaintiff was paid a weekly "salary" as his compensation for forty (40) hours worked.

16. Plaintiff's primary job duties involve testing and controlling the quality of asphalt pavement materials and construction aggregates.

17. Plaintiff performed his work according to standard testing methods, including but not limited to, Department of Transportation regulations.

18. Plaintiff performed his work under tight restrictions and had to ask a

supervisor for any significant decisions regarding his work.

19. For example, if the temperature readings were out of tolerance and/or the asphalt concrete mix test results failed the accepted standards, Plaintiff would need to get the directions from his supervisor to have the driver dump the load and have the plant operator make adjustments to the hot mix and retest to make sure test results are now in acceptable ranges to continue production and reload trucks.

20. Pursuant to 29 C.F.R. § 541.202(g), ordinary inspection work does not meet the required discretion necessary for the administrative exemption.

21. Plaintiff was truly a non-exempt employee and should have been paid overtime compensation for overtime hours worked.

22. Additionally, Defendant failed to pay Plaintiff on a "salary basis" as defined by the FLSA because Plaintiff's compensation was subject to reduction.

23. On one or more occasions, Plaintiff's compensation was subject to reduction for less than full-time work.

24. Plaintiff routinely worked overtime hours but was never paid time and one-half compensation for same.

25. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## **RECOVERY OF OVERTIME COMPENSATION**

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above as though fully stated herein.

27. Plaintiff was/is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

28. During his employment with Defendant, Plaintiff was misclassified as exempt and worked overtime hours without receiving additional overtime compensation from Defendant.

29. Defendant did not have a good faith basis for their decision to classify Plaintiff as exempt under the FLSA.

30. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff proper overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

31. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

32. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, REINALDO ARROYO, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 6 day of October, 2022.

                                           **/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esquire
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave, 15th Floor
Orlando, FL 32801
*MAILING ADDRESS:*
*P.O. Box 530244*
*Atlanta, GA 30353-0244*
T: (407) 420-1414
F: (407) 245-3401
E:  RMorgan@forthepeople.com
*Attorney for Plaintiff*